MCGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00141-KJM |
| Plaintiff, | STIPULATION AND ORDER COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL FOR PSYCHIATRIC TREATMENT PURSUANT TO 18 U.S.C. § 4241(d) |
| v. | |
| ADAM FULLER, | DATE: February 24, 2020 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. Kimberly J. Mueller |

**STIPULATION**

Plaintiff, United States of America, by and through its counsel of record, and defendant, Adam Fuller, by and through his counsel of record, hereby stipulate as follows:

1. On February 3, 2020, Doctor Robin F. Lin, MD, produced by email to the United States and the Court a psychiatric evaluation summary report ("summary report"). The summary report described an examination of the defendant for purposes of determining whether he is competent to stand trial; *i.e.*, whether he is "suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The summary report was filed under seal. ECF 41.

/ / /

STIPULATION AND ORDER

1

2. Dr. Lin concluded in the summary report that the defendant is incompetent to stand trial. Based on his evaluation, a separate psychological evaluation conducted on September 18, 2019, and the defendant's statements to the case agent, Dr. Lin concluded that the defendant "does have the capacity to understand the nature and consequences of the proceedings," but "is not able to properly assist in his defense with his counsel due to his delusions." Summary report at 6.

3. Both parties agree with the summary report's conclusion that the defendant is incompetent to stand trial.

4. Both parties agree that pursuant to 18 U.S.C. § 4241(d)(1), the defendant should be committed to the custody of the Attorney General forthwith for treatment in a suitable medical facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward.

5. Both parties request an exclusion of time from the date of this order until such time as the Court determines that the defendant's mental condition is so improved that the trial may proceed, pursuant to 18 U.S.C. § 3161(h)(1)(A), (h)(4), (h)(7)(A), (h)(7)(B)(iv), and Local Codes A, N, and T4, and upon the need for competency restoration, and defense preparation, and the Court's finding that the end of justice served by granting such continuance outweigh the best interests in the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: February 20, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ CAMERON L. DESMOND
CAMERON L. DESMOND
Assistant United States Attorney

Dated: February 20, 2020

/s/ Linda Allison
Linda Allison
Counsel for Defendant
Adam Fuller

**FINDINGS AND ORDER**

The Court, having considered the psychiatric evaluation summary report submitted by Dr. Robin F. Lin, MD, on February 3, 2020, as well as the stipulation of the parties, hereby orders that the defendant be committed to the custody of the Attorney General forthwith for treatment in a suitable medical facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward.

The United States Marshals are hereby directed to deliver custody of the defendant to the Attorney General forthwith for such treatment.

The Court further excludes time from the date of this order until such time as the Court determines that the defendant's mental condition is so improved that the trial may proceed, pursuant to 18 U.S.C. § 3161(h)(1)(A), (h)(4), (h)(7)(A), (h)(7)(B)(iv), and Local Codes A, N, and T4, and upon the need for competency restoration, and defense preparation, and the Court's finding that the end of justice served by granting such continuance outweigh the best interests in the public and the defendant in a speedy trial.

**IT IS SO ORDERED**.

DATED: February 21, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE