UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:19-cr-00141-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Adam Justin Fuller, | |
| Defendant. | |

Defendant Adam Fuller moves for early termination of his term of supervised release. As explained in this order, the court confirms its earlier bench order and **grants** his motion.

I.   BACKGROUND

In 2019, a grand jury returned an indictment charging Fuller with assault on a courthouse security officer in violation of 18 U.S.C. § 111(a)(1) and (b). *See generally* Indictment, ECF No. 10; Rep. Investigation, ECF No. 53-1. Early in the case, the court found, and the parties agreed, he was not mentally competent to stand trial. *See* Stip. & Order, ECF No. 43. He was suffering from troubling delusions about conspiracies against him and was making threats against law enforcement and the government. *See id.*; *see also* Order (Mar. 10, 2021) at 2, ECF No. 66 (summarizing case history).

As the court ordered, Fuller was transferred to a federal facility in Missouri, where healthcare professionals diagnosed him with "schizophrenia, continuous" and concluded he could

1

1 not understand the basics of the claims against him.  *See* Order (Mar. 10, 2021) at 3.  In their
2 opinion, Fuller's condition was chronic and unlikely to improve without antipsychotic
3 medications.  *See id.* at 4.  The government moved to compel the administration of those
4 medications under a treatment plan prepared by a psychiatrist at the facility where Fuller was
5 housed.  *See id.* at 6.  The court granted the government's motion in March 2021, but stayed its
6 order pending an appeal.  *See id.* at 14.  The Ninth Circuit affirmed the court's order about one
7 year later.  *See* Mem., No. 21-10089 (9th Cir. filed Feb. 28, 2022, mandate issued Mar. 22, 2022).

8       By September 2022 , the parties agreed, with medication, Fuller's symptoms had
9 improved to the point that he had become competent to move forward with his case.  *See* Stip. &
10 Order, ECF No. 97.  He appeared at a hearing in October 2022, where the court after careful
11 questioning accepted his decision to enter a plea of guilty.  Mins., ECF No. 100.  The court
12 subsequently imposed a sentence of time served, and Fuller was released to begin a thirty-six
13 month period of supervised release in January 2023.  *See* Mins., ECF No. 104; Judgment &
14 Commitment, ECF No. 106.

15       Fuller filed his current motion to terminate his supervised release in November of this
16 year, having completed about two years of his three-year term.  *See generally* Mot. Terminate,
17 ECF No. 107.  In his motion, he argues he has had no violations of the conditions of his
18 supervised release and has "demonstrated his ability to manage his own affairs."  *Id.* at 3.
19 Although his motion was not accompanied by a declaration or similar evidence, his attorney
20 summarized what had occurred since his release in the motion itself.  He had originally been
21 placed in a group home, but he soon reported to his attorney that the placement was "disastrous,"
22 among other reasons because others in the group home were "doing drugs."  *Id.* at 4.  With help
23 from his probation officer, he moved to a second home, where he lived for six months "without
24 incident."  *Id.*  He then moved in with his brother in North Highlands, Sacramento, where he lives
25 today.  *Id.*

26       Fuller sees a psychiatrist regularly, and he has consistently taken his medication since his
27 release.  *Id.*  His attorney describes his condition as "stable."  He also applied for and began
28 receiving Social Security Disability Insurance after his release.  *See id.*  He currently pays room

and board to his brother with some of these funds. *Id.* From time to time he also works for his brother's tree trimming and removal business. *Id.* He claims he has complied with all conditions of his supervised release, and his supervising U.S. Probation Officer does not disagree. *See id.* Nor does the Probation Officer oppose his request for early termination. *See id.*

The government opposes Fuller's motion, but it does not disagree with the description of his post-release history, condition or compliance. *See generally* Opp'n, ECF No. 111. The government in fact agrees he "is on the right track," but it argues that is "thanks in large part to the supervision he has received, including medical and mental health resources." *Id.* at 3. It also argues the continuing supervision imposes no hardship on Fuller; there is, the government contends, "no downside to continuing his supervision to the end of the term." *Id.*

The court held a hearing on December 17, 2024. Mins. Mot. Hr'g, ECF No. 112. Cameron Desmond appeared for the government, and Linda Harter appeared for Fuller. *Id.* The Probation Officer assigned to Fuller's case, Steve Sheehan, also attended. *Id.* Officer Sheehan confirmed the Probation Office does not oppose Fuller's motion. Officer Sheehan also went further to confirm on the record that Fuller has complied with the terms of his supervised release, is living with his brother, has recently begun rebuilding his relationship with his mother, has always tested negative when drug tested, has reliably responded to calls and visits and has otherwise been available and stable. Officer Sheehan expressed confidence Fuller would continue to receive treatment on his own and, given the progress he has made and the period of time during which he has remained stable, would continue to have his brother's support. Fuller's brother also appeared at the hearing, and he accepted the court's invitation to speak on the record. He agreed Fuller's condition has improved markedly, and he confirmed he will continue to make his home available. He clarified he is Fuller's half-brother, and that he did not immediately agree to accept Fuller into his home; rather he waited to see how Fuller performed during the early stage of his supervised release and then became comfortable that Fuller was managing his affairs responsibly taking account of the need in particular to properly manage his mental health conditions. The court did not convene an evidentiary hearing; nor did any party request such a

hearing.  The court indicated it would issue a written order after expressing its intent to grant Fuller's motion.

## II.     LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release after one year if "warranted by the conduct of the defendant released and the interest of justice."  The court has "discretion to consider a wide range of circumstances."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  Several factors guide that discretion: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the sentencing range established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)).

Overall, these factors concern "general punishment aims such as deterrence, rehabilitation, and proportionality."  *United States v. Bainbridge*, 746 F.3d 943, 948 n.3 (9th Cir. 2014) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  "[E]xceptional or extraordinary circumstances" are not prerequisites to relief, *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), nor is a showing of undue hardship, *Emmett*, 749 F.3d at 819.  It is the defendant's burden to show early termination is warranted.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).  The district court, in turn, has a "duty to explain" its decision. *Emmett*, 749 F.3d at 820.  It is not necessary to "tick off each of the relevant § 3553(a) factors."  *Id.* at 822 (alterations omitted) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)).  The court must ensure the record "as a whole" contains "an explanation that would permit meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard."  *Id.*

### III. DISCUSSION

The factors above weigh in favor of early termination. Most importantly, although Fuller's offense and threats were serious, his mental health played a large role—if not the determinative role—in his offense conduct, and he has obtained treatment for his condition for some time now. That treatment has helped him complete two years' supervised release without incident. His housing arrangements, ongoing receipt of Social Security payments, treatment by a psychiatrist and support from his brother and other family members will help him remain stable and protect the community from harm. As the court stated at hearing, no matter when his term of supervised release ends—now or in a year—it ultimately will be up to him to maintain his mental health. His successful completion of two years' supervised release without issue is strong evidence that he can do so, which shows the risk of future harms is low. The court shares the government's concern that Fuller "remains vulnerable." Opp'n at 3. But at hearing, Fuller agreed his condition and need for treatment is likely life-long, and he agreed with his counsel's argument that he is motivated to maintain good mental health. He also agreed with his counsel's description of his sincere regret for his actions.

Although it is a close case, the court finds a two-year term of supervised release would also be fairer and more appropriate in these circumstances than the three-year term originally imposed. Fuller's pretrial detention, conviction, incarceration and two years' supervised release have provided ample deterrence. His sentence has already allowed him to obtain the treatment and medication necessary for the more stable life he now leads. His incarceration and two-year term of supervised release are also within the range of available sentences established by Congress and in the United States Sentencing Guidelines. The victim of Fuller's assault has not sought restitution. The parties have identified no potential sentencing disparities, and the court is aware of none. The remaining factors listed in §§ 3583(e) and 3553(a) do not weigh heavily for or against early termination.

The court also has considered the Judicial Conference's policy of supporting early termination after 18 months of supervised release, which Fuller cites in his motion. *See* Mot. Release at 2–3 (citing 8E Guide to Judiciary Policy § 360.20(c) (2018)). The Judicial Conference

has recommended a presumption of early termination for defendants who meet the following criteria:

> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
>
> (2) The person presents no identified risk of harm to the public or victims;
>
> (3) The person is free from any court-reported violations over a 12-month period;
>
> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
>
> (5) The person is in substantial compliance with all conditions of supervision; and
>
> (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

8E Guide to Judiciary Policy § 360.20(c). Fuller meets these criteria. The government does not disagree with Fuller's argument that he is not a "drug offender" or "career criminal" under § 994(h). Nor does the government dispute Fuller's contention that he has not committed any sex offenses or engaged in terrorism. Fuller's successful completion of supervised release supports the conclusion his future risk of harm to the public is low, a conclusion backed by his supervising Probation Officer's professional opinion. He has not violated any term of his supervised release, and he has successfully managed his life for two years in circumstances that will continue after his supervised release ends. Finally, he has maintained his relationship with his brother, receives his brother's support, pays for room and board, and works for his brother from time to time.

IV.   **CONCLUSION**

The motion for early termination (ECF No. 107) is **granted**.

IT IS SO ORDERED.

DATED: December 20, 2024.

SENIOR UNITED STATES DISTRICT JUDGE